(October 7, 1924.)

WADE BROTHERS, a Corporation, Respondent, **v.** CHARLES E. BYBEE, Appellant.

[229 Pac. 662.]

CHECK—HOLDER IN DUE COURSE—ALTERATION OF INSTRUMENTS.
  When an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor.

APPEAL from the District Court of the Ninth Judicial District, for Bonneville County.   Hon. George W. Edgington, Judge.

Action on a check.   Judgment for plaintiff.   *Affirmed.*

O. A. Johannesen, for Appellant.

A false or fraudulent alteration in a material particular, made in the body of a check or bill, after signature, constitutes a forged instrument, just as much as simulating the signature does. By such alteration, the instrument is vitiated, even in the hands of a *bona fide* holder for value, although it might not be possible to discover the change even by careful scrutiny. (2 Morse on Banks and Banking, p. 123; 1 R. C. L., p. 1002; 3 R. C. L., p. 1109; 9 A. L. R., p. 1082 and note; 35 L. R. A., p. 464, note; 2 Daniel on Negotiable Instruments, pp. 598, 1602; Joyce, Defenses to Commercial Paper, pp. 160, 162 C. S., sec. 8408.)

The alteration of a non-negotiable instrument so as to give it the form and appearance of negotiable paper is a material alteration, and constitutes a good defense on the part of the maker as against all persons, including a *bona fide* holder. (Joyce, Defenses to Commercial Paper, p. 182; 2 Daniel, on Negotiable Instruments, pp. 1869, 1870; *District of Columbia v. Cornell,* 130 U. S. 655, 9 Sup. Ct. 694, 32 L. ed. 1041.)

James S. Byers, for Respondent.

"Where one issues a check on a bank, there is a dual implied promise that the bank on which it is drawn will pay the amount thereof, and that, should the bank fail to make the payment the drawer will pay the same to the holder." (*Bank of Venice v. Clapp,* 17 Cal. App. 657, 121 Pac. 298.)

"But where an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor." (C. S., sec. 5991.)

Eradicating the words "payment stopped" from a check is not, strictly speaking, an alteration. (2 C. J., p. 1172, sec. 1.)

WM. E. LEE, J.—On November 6, 1921, appellant drew his check on the American National Bank of Idaho Falls,

payable to cash, in the sum of $60 and delivered the same to Kelly Hargrove. By mistake the check was dated 10–5, 1921. On the next day Hargrove presented the check to the bank on which it was drawn. Payment was refused and there was written on the face of the check the words "payment stopped," appellant having notified the bank not to pay the check. The bank returned the check to Hargrove who, on the same day, went to the store of respondent and purchased an overcoat. He gave the check in payment and received the difference between the face of the check and price of the coat in cash. Prior to negotiating the check to respondent the words "payment stopped" had been, in some manner, entirely removed from the check so that when respondent received the check he noticed no indication of alteration or erasure. On the following day respondent presented the check to the bank on which it was drawn and payment was refused. Appellant thereafter refused to pay the check and this action was instituted to recover the amount of the check.

As a defense to the action appellant alleged that he had delivered the check to Hargrove and received from him the sum of $60; but that a difficulty arose between them with respect to the check and that he gave back to Hargrove the sum of $60 and Hargrove instead of returning the check to him pretended to tear it up but that he tore up another check of the same bank; that later in the day somebody told him that Hargrove had not destroyed the check; that he looked up Hargrove, who assured him that he had destroyed it; that, being suspicious of Hargrove, he notified the bank not to pay the check if presented. The case was tried to the court and a jury, and a verdict was returned in favor of respondent. The appeal is from the judgment.

At the time the instrument was taken by respondent, it was complete and regular on its face; respondent had no notice that the instrument had been dishonored; it was taken in good faith and for full value; and respondent had no notice of any infirmity in the instrument or of any defect in Hargrove's title. The words "payment stopped"

had been so completely removed as to leave no mark upon the instrument indicating that an erasure had been made. Respondent was a holder in due course. (C. S., sec. 5919.) It is not necessary to a decision of this question to determine whether the erasure constituted a material alteration of the instrument. The negotiable instruments law provides that when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor. (C. S., sec. 5991.) No suggestion is made that respondent, in any manner, was a party to the alteration. Being a holder in due course, therefore, respondent was entitled to enforce payment of the check according to its original tenor.

There was nothing unusual in the transaction by which respondent acquired the instrument. Both the maker and the payee lived in Idaho Falls, and the employee, who took the check, knew both Hargrove and appellant. However innocent appellant may be, it was his fault that the check remained in the possession of Hargrove both before and after the erasure. It was his negligence in not requiring the return of his check, after he had returned the consideration for which it was issued, that resulted in the negotiation of the check to respondent. As between appellant and respondent, under the facts, the loss should fall upon appellant, for it was he who caused the loss.

We have carefully considered all the assignments of error set forth by appellant, and find no error prejudicial to him.

The judgment is affirmed. Costs to respondent.

McCarthy, C. J., and Dunn and William A. Lee, JJ.. concur.